UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cr-00654-SEP |
| DARIUS TYLER, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is the Government's Motion in Limine, Doc. [82], which seeks to exclude two exhibits added to Defendant's Exhibit List, Doc. [80], after the Court's ruling, Doc. [79], on the Government's Motion in Limine to Exclude Statements Made by Witness Montrell Palmer, Doc. [60].  After hearing argument on the motion, the Court indicated on the oral record that it would be granted.  This Order follows, modifying that preliminary ruling in part.

The Government argues that the statements should be excluded as hearsay.  The Court agrees that they are out-of-court statements but notes that at least a portion of each challenged exhibit would likely qualify for a hearsay exception under appropriate circumstances.  Mr. Palmer's statements immediately after being apprehended (including the claim that he did not have a firearm) could be admitted as excited utterances, and one line of the objected-to dialogue between Officers Kelly Smith and Ryan Napoli ("He didn't toss nothing.  I didn't see nothing.") could be admitted as a present sense impression.  But that only matters if Defendant wants to introduce the statements for the truth of the matter asserted.

Responding to the motion on the oral record, Defense counsel denied that either exhibit was being introduced for the truth of the out-of-court statements contained therein.  Asked about their relevance to the case against Mr. Tyler, defense counsel argued that they cast doubt on the "credibility" of the investigation and the choices made by officers to pursue prosecution of Mr. Tyler rather than Mr. Palmer and that they support Mr. Palmer as an alternative perpetrator.

In response, the Government conceded that evidence of an alternative perpetrator would be relevant to Mr. Tyler's case, but it denied that Mr. Palmer's statements immediately after being taken into custody provided any such evidence.  And it maintained that the Defense should not be permitted to introduce the exchange between Officers Smith and Napoli about whether

1

and where Mr. Palmer might have tossed his gun because those would be impermissible hearsay, and even if they were not, at least one of them would pose an intolerable risk of confusing the jury under Rule 403.

In its initial ruling on the oral record, the Court focused on Defendant's argument that the exhibits are not being introduced for their truth but as they reflect on the credibility of the overall investigation. The Court noted the distinction it had observed in the available case law between the credibility of specific evidence and the merits of an investigation overall. *See, e.g.*, *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998) (quality of the investigation was not material to a defense where Defendant had "failed to establish the requisite connection between the allegedly 'shoddy' and 'slanted' investigation and any evidence introduced at trial"); *United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994) (upholding a district court's exclusion of evidence that an investigation was "sloppy" on grounds that "the jury would not be called upon to determine whether the government's investigation had been good or bad"). Finding that Mr. Tyler had not (yet) drawn a connection between the challenged exhibits and the credibility of any specific piece of evidence anticipated in this matter, the Court was not persuaded that the exhibits tended to make any fact of consequence in this matter more or less probable. *See* FED. R. EVID. 401. And it granted the Government's motion to exclude the exhibits on those grounds.

The Court issues this Order to elaborate on and make one modification to its oral ruling. Revisiting the parties' arguments on the oral record with the benefit of time and a transcript, the Court finds that Mr. Tyler has sufficiently shown the relevance of Defendant's Exhibit B to its theory of Mr. Palmer as an alternative perpetrator. Defendant does not seek to introduce Mr. Palmer's spontaneous statements about having a CCW permit and not possessing a firearm for their truth but as evidence of Mr. Palmer's own consciousness of guilt. Evidence that has "any tendency" to make it more probable that someone else committed the crime of which Mr. Tyler stands accused does meet Rule 401's threshold for relevance.

The Court does not alter its ruling with respect to Defendant's proposed Exhibit E. If they were being offered for their truth, all but one of the statements of Officers Smith and Napoli would be excluded as hearsay. The Court is doubtful that Defendant would seek to admit the one statement that might qualify as a present sense impression—"He didn't toss nothing. I didn't see nothing."—for its truth, but it will consider the question if it is posed. Taking the Defense at its word that the statements are being offered to cast doubt on the credibility of the overall

investigation, the Court fails (so far) to see their relevance, as noted herein and on the oral record.  To the extent that those particular out-of-court statements of Officers Smith and Napoli may be shown to be relevant to any issue that is properly before the jury, their probative value would still have to be weighed against the danger they pose of confusing the issues or misleading the jury, which—given the content of these particular statements—appears to be significant.  *See* FED. R. CIV P. 403.

The Court remains open to reconsidering this ruling in light of developments in the case, particularly if the Defense can connect proposed Exhibit E to the credibility of specific evidence or testimony presented by the Government.

**IT IS HEREBY ORDERED** that the Motion in Limine, Doc. [82] is **GRANTED IN PART and DENIED IN PART**, as set forth above.

Dated this 11th day of February, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE